FILED
2008 AUG -5 AM 11:47
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 2428

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Magistrate's Case No.: |
| Plaintiff, | ) COMPLAINT FOR VIOLATION OF |
| v. | ) Title 21 U.S.C.§ 841(a)(1) |
| Bryan James Tipton | ) Possession of a controlled Substance with Intent to Distribute |
| Defendant | ) |

The undersigned complainant duly sworn states:

That on or about August 4, 2008, within the Southern District of California, defendant Bryan James TIPTON did knowingly and intentionally possess with intent to distribute approximately 109.7 kilograms (241.80 pounds) of marijuana, a Schedule I Controlled Substance, in violation of Title 21 United States Code, Section 841(a)(1).

And the complainant states that this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

_____
Jacob Alvarado, Special Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence, August 5, 2008.

_____
Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE

UNITED STATES OF AMERICA
v.
Bryan James Tipton

STATEMENT OF FACTS

I, Special Agent Jacob Alvarado, of the Drug Enforcement Administration, declare under penalty of perjury, the following is true and correct:

On August 4, 2008, at approximately 1:45 PM, United States Border Patrol (USBP) agents were conducting anti-smuggling operations on Tierra Del Sol Road in Boulevard, California when they noticed a small grey Honda Civic with California license plates 1RSP754 parked at the residence located at 568 Tierra Del Sol Road. Just ten (10) days earlier, on July 25, 2008, USBP agents seized approximately 266 pounds of marijuana from the garage of the residence located at 568 Tierra Del Sol Road. USBP agents observed fresh footprints leading North toward the property and later observed a male, subsequently identified as Bryan James TIPTON, exit the front door and stand near the grey Honda. USBP agents Leo Miele and Leonardo Valdivia approached TIPTON and identified themselves as USBP agents. TIPTON voluntarily provided USBP Agents with identification and stated that he had moved into the residence approximately two (2) days prior. USBP agents smelled a strong odor of fresh marijuana and asked TIPTON for consent to search the residence. TIPTON granted consent and led agent Miele into the house. Once inside, agent Miele observed a large suspicious object in TIPTON's closet which was covered by a

blue blanket. TIPTON led Agent Miele back outside the residence to Agent Valdivia who was still standing near the grey sedan. Still smelling a strong odor of fresh marijuana, Agent Valdivia, who noticed numerous clothing articles in the back of the vehicle, asked if the vehicle belonged to TIPTON; TIPTON confirmed that it did. Agent Valdivia asked for consent to search the vehicle; TIPTON granted consent. Agent Miele opened the driver side door of the vehicle and immediately noticed several large packages wrapped in the clothing. Agent Miele moved some of the clothing and revealed numerous aluminum foil and cellophane wrapped bundles. Following this discovery, TIPTON walked over to Agent Miele with his hands out as if he was ready to be handcuffed. At approximately 2:00 PM TIPTON was placed under arrest. A subsequent search of the residence revealed a large green duffle bag stuffed in a crawl space under the residence. Another green duffle bag was discovered in TIPTON's closet under the blue blanket. Both bags were filled with small brick shaped packages. A total of fifty (50) packages were recovered from the two duffle bags and another six (6) larger packages were recovered from TIPTON's vehicle for a total of fifty-six (56) individually wrapped packages. Each package contained a green leafy substance wrapped in aluminum foil, cellophane, and brown tape with a total weight of 109.7 kilograms (241.80 pounds). TIPTON was later transported to the Pine Valley Border Patrol station. At the station, a narcotics field test was performed on a random package. The test returned a positive result for the presence of marijuana.

    The Drug Enforcement Administration (DEA) was notified.

Special Agents Darien Dir and Jacob Alvarado responded and took custody of TIPTON and the marijuana. At approximately 5:15 PM, Agent Dir, as witnessed by Agents Alvarado and Miele, read TIPTON his Miranda Rights via a DEA-13A card. TIPTON stated that he understood his rights and agreed to speak to Agents.

TIPTON stated that approximately two weeks prior to the date of his arrest he met a male at The Soboba casino near Hemet, California. TIPTON stated that the male offered TIPTON a job transporting marijuana. TIPTON stated that the male promised to provide TIPTON with room and board and "big money" if he agreed to transport the marijuana. TIPTON stated that he accepted the job offer and was told to contact a male named "Bobby" in Tecate, Mexico. TIPTON stated he met with Bobby in Tecate, Mexico and stayed in a hotel in Tecate, Mexico until August 2, 2008, when he followed Bobby to the residence located at 568 Tierra Del Sol Road in Boulevard, California. At that time, Bobby gave TIPTON $100.00 for groceries and told TIPTON he could stay at the residence. TIPTON stated that the following day, August 3, 2008, Bobby picked TIPTON up and showed him the smuggling route he was to take once he was given the marijuana. TIPTON stated that the following day, August 4, 2008, he was contacted by Bobby at approximately 12:00 PM. TIPTON stated that he met with Bobby at a store in Boulevard, California and followed him back to the residence. Once at the residence, TIPTON stated that Bobby loaded TIPTON's vehicle with the marijuana which had recently been delivered by unknown individuals. TIPTON stated that he was supposed to follow Bobby through the checkpoint located on Interstate 8 near Pine Valley,

California. After getting through the checkpoint, TIPTON was supposed to call Bobby where he would be given directions as to where to drop off the marijuana. TIPTON stated that the marijuana in his vehicle was all he was going to take on his first trip. TIPTON stated that the marijuana found in the residence would be transported by him on subsequent trips.